PER CURIAM.
R.V. appeals the trial court’s failure to hold a competency hearing and its disposition order placing him in a moderate risk commitment program. We affirm as to the former. As to the latter, R.Y. argues that the trial court erred in departing from the Department of Juvenile Justice’s recommended placement in a low risk commitment program because the trial court failed to comply with the requirements as *536 set forth in E.A.R. v. State, 4 So.3d 614 (Fla.2009). We agree and reverse.
The trial court committed R.V. to the moderate risk commitment program due to the nature of the offenses committed and because he presents a danger to himself and the community that could not be adequately addressed by a low risk facility. However, the trial court did not articulate why a moderate risk commitment program was better suited than the Department’s recommendation to serving R.V.’s rehabilitative needs, in the least restrictive setting, and protecting the public as E.A.R. requires. Id. at 638. On remand, the trial court must either amend the disposition order to include the required findings that would support a moderate risk commitment program or, if such findings cannot be made, enter a new order imposing the Department’s recommendation of a low risk commitment program.

Reversed and remanded with directions.

POLEN, GROSS, JJ., and SHAHOOD, GEORGE A., Senior Judge, concur.